IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

YULONDA M.,[1]             )
                                       )
            **Plaintiff,**        )
                                       )       **No. 24 C 2890**
     **v.**                       )
                                       )       **Magistrate Judge**
**MICHELLE KING, Acting**    )       **Daniel P. McLaughlin**
**Commissioner of Social Security,[2]**  )
                                       )
           **Defendant.**      )
                                       )

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision

of the Commissioner of Social Security denying Plaintiff Yulonda M.'s claim for

Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction

of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the

reasons that follow, Plaintiff's motion to reverse the Commissioner's decision [11] is

denied, and the Commissioner's cross-motion for summary judgment [15] is

granted.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security
Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last
name.

[2] Michelle King has been substituted for her predecessor pursuant to Federal Rule of Civil
Procedure 25(d).

## BACKGROUND

### I.     PROCEDURAL HISTORY

On November 19, 2021, Plaintiff filed a claim for DIB, alleging disability since March 16, 2021. The claim was denied initially and upon reconsideration, after which Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). A telephonic hearing was held on July 25, 2023, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified. A supplemental telephonic hearing was held on January 11, 2024. A medical expert ("ME") and a VE testified at the supplemental hearing.

On February 20, 2024, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II.    ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of March 16, 2021. At step two, the ALJ concluded that Plaintiff had the following severe impairments:

bilateral carpal tunnel syndrome; osteoarthritis of the left shoulder; left shoulder rotator cuff tear; degenerative joint disease of the right shoulder; coronary artery disease; non-ST-elevation myocardial infarction status post stenting; hypertension; obesity; and obstructive sleep apnea. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work with the following additional limitations: can lift up to 10 pounds occasionally and less than 10 pounds frequently; can stand or walk up to 2 hours per 8-hour workday, and sit for 8 hours per workday, with normal breaks; can never crawl or climb ladders, ropes, or scaffolds; can occasionally climb ramps or stairs, balance, stoop, crouch, and kneel; can frequently reach, handle objects (gross manipulation), and finger (fine manipulations); must avoid concentrated exposure to extreme cold; must avoid concentrated exposure to dangerous moving machinery; and must avoid all exposure to unprotected heights. At step four, the ALJ determined that Plaintiff is capable of performing her past relevant work as a sales manager. Accordingly, the ALJ concluded that Plaintiff is not disabled under the Social Security Act.

## DISCUSSION

### I.    ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

4

## II.    JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted).

The Seventh Circuit has made clear that ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053-54 (7th Cir. 2024) (citations omitted). All that is required is that "ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow

. . . a reviewing court[] to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Id.* at 1054 (citations and internal quotations omitted). Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

## III.    ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ mischaracterized the record by adopting a perjured opinion; and (2) the ALJ ignored evidence supporting allowance of Plaintiff's claim. Each argument will be addressed below in turn.

### A.    The Medical Expert's Testimony

For her first argument, Plaintiff contends that the ALJ's decision rests on errors of fact and a mischaracterized record. ([11] at 6-8.) More specifically, Plaintiff asserts that reversal is required because the ME (whose opinions the ALJ found somewhat persuasive) testified that the record lacked signs of carpal tunnel syndrome – such as positive Tinel's, Phalen's, and Durkan's test – when the record

6

did in fact contain such positive test results. According to Plaintiff, this amounted to "perjury." The Court summarily rejects Plaintiff's argument.

As an initial matter, the ME did not perjure himself simply because he did not recall all the test results in a record that was over 2,000 pages. Furthermore, after being directed to the positive test results on cross examination, the ME acknowledged the evidence, but explained that the tests simply confirmed the diagnosis of carpal tunnel syndrome, which he had already considered, and the evidence did not change his opinion regarding how the diagnosis impacted Plaintiff's ability to function. (R. 97-100.) In this way, despite Plaintiff's protestations to the contrary, the ME fully accounted for the positive test results. Moreover, Plaintiff fails to explain why – even if inconsistencies in the ME's testimony did exist – they rendered the ALJ's entire decision unsupported by substantial evidence.[3]

## B. The ALJ's Consideration of the Evidence

Plaintiff's second arguments – set forth on one page in a skeletal fashion – boil down to her assertion that "[b]ecause the ALJ failed to evaluate the evidence which supported allowance of the claim and not just the evidence which supported

---

[3] In her reply brief, Plaintiff contends that the ME engaged in "fraud" and "reversal and remand is necessary" because the ALJ "failed to comply with HALLEX I-2-10-14." ([17] at 2-4.) These arguments, raised for the first time in Plaintiff's reply brief, have been waived. *See Griffin v. Bell*, 694 F.3d 817, 822 (7th Cir. 2012) ("[A]rguments raised for the first time in a reply brief are deemed waived.") (citation omitted). In any event, there is no evidence suggesting that the ME intentionally made any false statements or misrepresentations. Further, courts have recognized that HALLEX "does not have the force and effect of law" such that courts "will not review allegations of noncompliance with the manual." *Moore v. Apfel*, 216 F.3d 864, 869 (9th Cir. 2000).

the decision, the decision must be reversed." ([11] at 9.) The Seventh Circuit has made clear that ALJs "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell*, 97 F.4th at 1053. Along those lines,"[i]t is well-established that an ALJ need not discuss every piece of evidence in the record, so long as she does not ignore an entire line of evidence that supports a finding of disability." *Dzafic v. Kijakazi*, No. 22-2090, 2023 WL 2536340, at *5 (7th Cir. Mar. 16, 2023) (citation and internal quotations omitted). Here, Plaintiff has not shown that the ALJ disregarded an entire line of evidence. Further, Plaintiff has failed to explain why any specific evidence supported a finding of greater functional loss.

Plaintiff also contends in particular that the ALJ's "decision failed to explain [why] the ALJ preferred the opinion of the VE who testified at the supplemental hearing over the opinion of the VE who testified at the initial hearing." ([11] at 9.) However, as Defendant points out, the ALJ found that Plaintiff had the RFC to engage in frequent reaching, handling, and fingering. (R. 43.) Both the VE at the first hearing and the VE at the supplemental hearing agreed that someone with the ability to perform frequent reaching, handling, and fingering could return to Plaintiff's past relevant work. (*Id.* at 79, 113.) Thus, there was no reason for the ALJ to discuss the VEs' differing opinions on whether someone with greater manipulative restrictions could perform Plaintiff's past work. As such, Plaintiff's argument concerning the VEs' testimony is unavailing.

## CONCLUSION

For the foregoing reasons, the points of error raised by Plaintiff are not well taken. Accordingly, Plaintiff's motion to reverse the Commissioner's decision [11] is denied, and the Commissioner's cross-motion for summary judgment [15] is granted.

**SO ORDERED.**                                                   **ENTERED:**

**DATE:**      **January 29, 2025**       _____
                                           **HON. DANIEL P. McLAUGHLIN**
                                           **United States Magistrate Judge**

9